UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
MARQUISE BURROW,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, P.O. GREGORY HOWARD, Tax ID NO. 944042, Individually and In His Official Capacity, DETECTIVE OMAR DELCID, Tax ID NO. 936454, Individually and In His Official Capacity, DETECTIVE RICHARD DINKLE, Tax ID No. 934780, Individually and In His Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name "John Doe" being fictitious, as the true names are presently unknown),

                             Defendants.
---------------------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

16 Civ. 4216 (ERK) (RLM)

Plaintiff, MARQUISE BURROW, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. GREGORY HOWARD ("P.O. HOWARD"), DETECTIVE OMAR DELCID ("DET. DELCID"), and DETECTIVE RICHARD DINKLE ("DET. DINKLE") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On or about December 26, 2015, at approximately 2:00 P.M., plaintiff MARQUISE BURROW was lawfully present at 180 Gordon Street, in the County of Richmond, in the City and State of New York.

14. At the aforementioned time and place, plaintiff MARQUISE BURROW was on the 7th Floor of 180 Gordon Street, within the outside corridor, when a fight broke out.

15. Plaintiff MARQUISE BURROW was not involved with the fight occurring on the 7th Floor of 180 Gordon Street.

16. Shortly thereafter, a gunshot rang out on the 7th Floor of 180 Gordon Street.

17. Everyone in the outdoor corridor immediately dispersed from the area.

18. Plaintiff MARQUISE BURROW ran inside the apartment of Shaniya Sanders, a resident of the 7th Floor of 180 Gordon Street.

19. After approximately fifteen (15) minutes, plaintiff MARQUISE BURROW opened the door of the apartment to see what was happening on the outdoor corridor.

20. Plaintiff MARQUISE BURROW was suddenly accosted by defendants P.O. HOWARD and DET. DINKLE.

21. Plaintiff MARQUISE BURROW was thereafter arrested by defendants HOWARD and DINKLE.

22. Plaintiff MARQUISE BURROW repeatedly asked the officers for an explanation as to why he was being arrested.

23. Defendant police officers refused to tell plaintiff MARQUISE BURROW why he was being arrested.

24. Plaintiff MARQUISE BURROW was then taken to the 120th Police Precinct.

25. At the precinct, plaintiff MARQUISE BURROW learned that he was being charged with, *inter alia*, Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, Criminal Possession of a Weapon in the Fourth Degree, and Reckless Endangerment in the First Degree.

26. At no time on December 26, 2015 did plaintiff MARQUISE BURROW ever possess any weapon, much less a firearm.

27. There was no physical evidence that connected plaintiff MARQUISE BURROW to any firearm.

28. There was no DNA evidence connecting plaintiff MARQUISE BURROW to any firearm.

29. There was no forensic evidence connecting plaintiff MARQUISE BURROW to any firearm.

30. There were no fingerprints connecting plaintiff MARQUISE BURROW to any firearm.

31. A firearm was *not even recovered* from the scene of the arrest.

32. In sum, there was *no evidence* whatsoever connecting plaintiff MARQUISE BURROW to any firearm.

33. In connection with this arrest, defendants filled out false and misleading police reports, and forwarded these reports to prosecutors in the Richmond County District Attorney's Office.

34. Specifically, defendants P.O. HOWARD, DET. DELCID and DET. DINKLE lied to prosecutors about the facts and circumstances of the arrest, the location of the arrest, their whereabouts when plaintiff exited the residence, and how plaintiff was identified.

35. In addition, defendants lied to prosecutors about a statement purportedly made by plaintiff where he confessed that "I was there trying to help out my cousin." Plaintiff never made any such statement, nor did he ever make any statement remotely similar to this alleged confession. This was a complete fabrication by defendants.

36. Further, defendants lied to prosecutors about a purported witness statement stating the shooter was "the guy in red."

37. The complaining witness gave a written statement that does not mention nor identify anyone in red clothing as being the shooter.

38. On December 27, 2015 plaintiff MARQUISE BURROW was arraigned and a bail was set beyond plaintiff MARQUISE BURROW's financial means.

39. Plaintiff MARQUISE BURROW was remanded to custody on Riker's Island.

40. On January 4, 2016, all charges against plaintiff MARQUISE BURROW were dismissed.

41.     As a result of the foregoing, plaintiff MARQUISE BURROW sustained, *inter alia*, loss of liberty for approximately nine (9) days and multiple court appearances, severe emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTSUNDER 42 U.S.C. § 1983</u>**

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

44.     All of the aforementioned acts deprived plaintiff MARQUISE BURROW of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

45.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

46.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

47.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. As a result of defendants' aforementioned conduct, plaintiff MARQUISE BURROW was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

50. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants misrepresented and falsified evidence before the District Attorney.

53. Defendants did not make a complete and full statement of facts to the District Attorney.

54. Defendants withheld exculpatory evidence from the District Attorney.

55. Defendants were directly and actively involved in the initiation of criminal proceedings against MARQUISE BURROW.

56. Defendants lacked probable cause to initiate criminal proceedings against plaintiff MARQUISE BURROW.

57. Defendants acted with malice in initiating criminal proceedings against plaintiff MARQUISE BURROW.

58. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff MARQUISE BURROW.

59. Defendants lacked probable cause to continue criminal proceedings against plaintiff MARQUISE BURROW.

60. Defendants acted with malice in continuing criminal proceedings against plaintiff MARQUISE BURROW.

61. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

62. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MARQUISE BURROW's favor when all charges against him were dismissed.

63. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" as if the same were more fully set forth at length herein.

65. Defendants created false evidence against plaintiff MARQUISE BURROW.

66. Defendants forwarded false evidence and false information to prosecutors in the Richmond County District Attorney's Office.

67. In creating false evidence against plaintiff MARQUISE BURROW, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

68. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. The aforementioned individual defendants issued legal process to place plaintiff MARQUISE BURROW under arrest.

71. The aforementioned individual defendants arrest plaintiff MARQUISE BURROWin order to obtain a collateral objective outside the legitimate ends of the legal process.

72. The aforementioned individual defendants acted with intent to do harm to plaintiff MARQUISE BURROW, without excuse or justification.

73. As a result of the foregoing, plaintiff MARQUISE BURROW sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "73"as if the same were more fully set forth at length herein.

75. Defendants arrested and incarcerated plaintiff MARQUISE BURROW in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

76. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

77. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARQUISE BURROW.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARQUISE BURROW as alleged herein.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff MARQUISE BURROW as alleged herein.

81. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MARQUISE BURROW was incarcerated unlawfully.

82. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff MARQUISE BURROW.

83. Defendants, collectively and individually, while acting under color of statelaw, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff MARQUISE BURROW's constitutional rights.

84. All of the foregoing acts by defendants deprived plaintiff MARQUISE BURROWof federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

**WHEREFORE**, plaintiff MARQUISE BURROW demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
April 18, 2017

BY: _____
JON L. NORINSBERG
Jon@norinsberglaw.com
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396